WALTER G. BRUSEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brusey v. Commissioner
Docket No. 13973-79.
United States Tax Court
T.C. Memo 1981-160; 1981 Tax Ct. Memo LEXIS 581; 41 T.C.M. (CCH) 1223; T.C.M. (RIA) 81160; April 6, 1981. Walter G. Brusey, pro se. Richard J. Sapinski, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioner's 1976 income tax for $ 1,118. The two issues to be decided are (1) whether petitioner may claim "unmarried head of household" filing status and (2) whether petitioner is entitled to deduct pendente lite support payments made pursuant to court order in a divorce proceeding. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits are incorporated by this reference. Petitioner resided in Ridgewood, N.J., at the time the petition herein was filed. He timely filed his 1976 Federal income tax return with the Internal Revenue Service Center in Holtsville, N.Y.
Petitioner *583 and his former wife, Anne M. Brusey, were married in 1961. In August 1976, Mrs. Brusey filed suit for divorce in the Superior Court of New Jersey, Chancery Division, Bergen County. On November 22, 1976, an order was entered in that proceeding which specified, inter alia, that pendente lite petitioner pay $ 185 per week to support his wife and their three minor children. During the entire calendar year of 1976, petitioner resided in the same home with his wife and three children. In July 1977, a judgment of divorce was entered in the Superior Court. Petitioner seeks the benefits of "head of household" filing status. See sections 1(b), 2(b). [1] That status is only available to one who is "not married" within the meaning of section 2(b)(1). Although "an individual who is legally separated from his spouse under a decree * * * of separate maintenance" is treated as unmarried, section 2(b)(2)(B), a pendente lite support order does not effect a legal separation. Capodanno v. Commissioner, 69 T.C. 638 (1978), affd. 602 F.2d 64 (3d Cir. 1979). That petitioner may have been the economic head of the family during the year in issue is irrelevant in determining *584 whether the objective tests set out in section 2(b) have been met. With respect to petitioner's claim for deduction of support payments as alimony, several factors should be noted. Since he did not claim any such deduction on his 1976 tax return, no issue was raised with respect thereto in the deficiency notice. The petition contains some statements which could be construed as raising the issue. However, it does not appear that the matter was ever considered as being involved in the case and respondent argues that consequently petitioner should be barred from raising a new issue on brief. [2]
Alimony paid to one's spouse or former spouse is only deductible to the extent that such payments are includable by the recipient. Section 215. The extent to which Ms. Brusey must include the pendente lite support payments in her gross income is governed *585 by section 71(a). Because petitioner was neither divorced nor legally separated during the year in issue, the only provision which might cause such inclusion is section 71(a)(3). However, that subsection specifically requires that petitioner and his spouse be "separated." The fact is, however, that petitioner, his wife, and their children resided during the year in question in the same house. We have held that this requirement of separation can only be satisfied by a physical separation. Sydnes v. Commissioner, 68 T.C. 170, 176 (1977), revd. 577 F.2d 60 (8th Cir. 1978). The Court of Appeals for the Eighth Circuit disagreed, holding that "the issue of whether parties are living separately in the same residence presents a factual issue." 577 F.2d at 62. Clearly, even if we give petitioner the benefit of the doubt as to whether the issue of deductibility of the support payments was properly raised in the petition, there would still be a factual issue to be resolved. No facts relative to the issue appear in the stipulation, and petitioner did not appear at the trial to present any evidence. His references to life in the house as an *586 "encampment" in his petition and on brief are not evidence. Moreover, we note that, at most, petitioner would be entitled to deduct only the payments made pursuant to the November 22, 1976, decree, and there is no evidence of record on this score unless we are willing to assume (which we are not) that petitioner paid $ 185 for each week in 1976 subsequent to November 22. In light of the foregoing, we hold that petitioner, who has the burden of proof (Rule 142(a), Tax Court Rules of Practice and Procedure), is not entitled to any deduction under section 215. Under the foregoing circumstances, it is unnecessary for us to reexamine our position in Sydnes v. Commissioner, supra, in light of the reversal by the Eighth Circuit Court of Appeals. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Petitioner filed a "Statement of W. G. Brusey relating to 1976 Income Tax Return" at the calendar call for his case and a Memorandum Brief afterwards. We treated and refer to both as briefs of petitioner.↩