CATHERINE M. HERTSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RUDOLPH D. HERTSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hertsch v. Commissioner
Docket Nos. 19142-80, 21886-80.
United States Tax Court
T.C. Memo 1982-109; 1982 Tax Ct. Memo LEXIS 639; 43 T.C.M. (CCH) 703; T.C.M. (RIA) 82109; March 4, 1982. Michael D. Steinhardt, for the petitioner in docket No. 19142-80. Jeffrey H. Levi, for the petitioner in docket No. 21886-80. Elizabeth S. Henn, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: In these consolidated cases respondent determined the following deficiencies in petitioners' Federal income taxes: Petitioner
Dkt. No.
Year
Deficiency
Catherine M. Hertsch
19142-80
1976
$ 1,226.00
Rudolph D. Hertsch
21886-80
1975
1,728.81
1976
5,047.08
1977
4,451.57
In *640 his answer in Docket No. 19142-80 respondent alleged and claimed an increased deficiency of $ 224 for the year 1976. The only issue presented for our decision is whether amounts paid by Rudolph D. Hertsch to Catherine M. Hertsch during the years in question are includable in her gross income under sections 71(a)(2) and 71(a)(3) [1] and deductible by him under section 215(a). The resolution of this issue depends upon whether the petitioners were "separated" in those years within the meaning of that term as used in sections 71(a)(2) and 71(a)(3). In order to protect the revenue respondent took inconsistent positions in the notices of deficiencies he sent to these petitioners. However, in his briefs respondent maintains that the amounts received by Mrs. Hertsch are not taxable to her and are not deductible by Mr. Hertsch because the petitioners were not "separated and living apart" during the years 1975 through 1977 when they resided in the same house. FINDINGS OF FACT Some of the facts have been stipulated by the parties and *641 so found. During the years 1975 through 1977 and prior thereto Rudolph D. Hertsch and Catherine M. Hertsch, husband and wife, resided in their home at 8107 Windsor Mill Road, Baltimore, Maryland. They also lived at that address when they filed their separate petitions in these cases. Both petitioners filed their respective Federal income tax returns as "married filing separately." Petitioners were married on April 19, 1952. They have one adult daughter and a grandchild. Their daughter resides in a house next door to them. Petitioners are not divorced and do not anticipate obtaining a divorce. During the years 1975 through 1977 the petitioners, who have lived in the same house for about 20 years, did not share the same bedroom or bathroom. They had no sexual relations. They did not eat together. They did not go out together socially. They did their grocery shopping separately. Each did their own laundry and their own shopping for clothes. They occupied a two-story house. On the first floor was a double garage, a large club basement room, a bathroom and a television and bar area. On the second floor was a living room, dining room, kitchen, den, summer porch, a master *642 bedroom, two other bedrooms and two bathrooms. The ptitioners used separate bedrooms and bathrooms. Mrs. Hertsch used the den and living room for watching television, reading and entertaining. She used the kitchen to do her cooking. She sometimes used the club basement room for entertaining her relatives and friends. Mr. Hertsch used the club basement room for relaxing and watching television. Except for their respective bedrooms and bathrooms each petitioner had access to all rooms and common areas of the house. They shared the kitchen, laundry facilities and had the same telephone number with separate extensions. Each also had keys and access to all entrances to their home. Occasionally, when Mrs. Hertsch entertained guests in the club basement room, Mr. Hertsch would join them for short periods of time. On November 24, 1975, after a complaint was filed by Mrs. Hertsch, a judge of the Circuit Court for Baltimore County ordered Mr. Hertsch to pay his wife alimony pendente lite in the amount of $ 100 per week. On March 2, 1976, the petitioners entered into a written agreement in which it was agreed that both may continue to reside in the home on Windsor Mill Road for *643 the remainder of their lives. The agreement further provided that (1) Mr. Hertsch would pay to Mrs. Hertsch for her support and maintenance the amount of $ 125 per week until the death of either; (2) that Mr. Hertsch would pay all of the expenses of the home; (3) that Mr. Hertsch would pay for all doctor, dentist and hospital bills incurred by Mrs. Hertsch; and (4) that Mrs. Hertsch would move to dismiss the suit pending in the Circuit Court for Baltimore County. On March 17, 1976, Mrs. Hertsch moved to dismiss the complaint she had filed in the Circuit Court for Baltimore County, and it was dismissed. Both petitioners have continued to live in the house on Windsor Mill Road. In 1975 Mr. Hertsch paid $ 500 to Mrs. Hertsch pursuant to the court order. In 1976 he paid $ 5,500 to her, first pursuant to the court order and then pursuant to their agreement, and he paid $ 2,254 in medical expenses for her pursuant to the agreement. In 1977 he paid $ 6,500 for her support and $ 821 for medical expenses pursuant to the agreement. In her Federal income tax return for 1976 Mrs. Hertsch did not include in her gross income any payments received from her husband or payments he made *644 for her medical expenses. In his Federal income tax returns Mr. Hertsch claimed alimony deductions for the years 1975, 1976 and 1977 in the amounts of $ 500, $ 8,320 and $ 8,321, respectively. Taking inconsistent positions in his notices of deficiencies, respondent included the 1976 amounts in Mrs. Hertsch's gross income and disallowed the deductions claimed by Mr. Hertsch for all three years. OPINION Once again we are confronted with the issue as to whether a husband and wife, who live in the same house, should be treated as "separated and living apart" for the purpose of applying the provisions of sections 71(a)(2) and 71(a)(3) and the regulations promulgated thereunder. Section 71(a)(2) provides that if a wife is separated from her husband and there is a written separation agreement, the wife's gross income includes periodic payments received after such agreement is executed which are made under such agreement and because of the marital relationship. Section 71(a)(3) provides that if the wife is separated from her husband, the wife's gross income includes periodic payments received by her from her husband under a decree requiring the husband to make the payments for *645 her support and maintenance. Section 215 provides that, in the case of the husband described in section 71, there shall be allowed as a deduction amounts includable under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. Payments made by a husband to his wife under either section 71(a)(2) or section 71(a)(3) are only deductible from the husband's income under section 215, and therefore includable in the wife's income, where the husband and wife are "separated and living apart." Sections 1.71-1(b)(2)(i) and 1.71-1(b)(3)(i), Income Tax Regs.
Here Mrs. Hertsch contends that she and her husband were not separated and living apart during the years 1975 through 1977 and, consequently, the amounts received from him for her support and medical expenses are not includable in her gross income. Mr. Hertsch takes the opposite position and argues that all the amounts he paid are deductible as alimony under section 215(a). Respondent on brief shifts from his prior neutral position and argues that, both legally and factually, the petitioners were not separated and living apart during the years at issue. We agree with Mrs. Hertsch and respondent. *646 First, we adhere to the conclusions we reached in Washington v. Commissioner,77 T.C. 601, 604-605 (1981), and Sydnes v. Commissioner,68 T.C. 170, 173-176 (1977), reversed 577 F.2d 60 (8th Cir. 1978), and for the reasons stated therein. Therefore, asamatteroflaw, we conclude again that a husband and wife should not be treated as "separated and living apart" when both are living under the same roof. We think our interpretation comports with the intent and purpose of the statute and its legislative history. Second, even if the issue should be decided asafactualmatter (see the Eighth Circuit's decision in Sydnes v. Commissioner,577 F.2d 60), we would reach the same conclusion on the particular facts present in these cases. During the years at issue the petitioners were not in the process of obtaining a divorce nor did they anticipate obtaining one. Unlike the taxpayers in both Sydnes and Washington, who separated and lived in different homes after their divorces became final, Mr. and Mrs. Hertsch were planning to live together in the same house for the rest *647 of their lives, as indicated by their agreement of March 2, 1976. The house the petitioners lived in was not divided into separate apartments or separate living areas. Other than their respective bedrooms and bathrooms, both of them used various common areas of the house, such as the kitchen, the club basement room, the laundry room, the garage and the hallways. Both of them also had access to and used the same entrances to the house and shared the same telephone number. The mere fact that they spent very little time together and never had sexual relations does not mean they were not living together. Whether their relationship is similar to that of "two ships passing in the night" is not the crucial factor. Accordingly, we hold that the petitioners were not "separated" during the years 1975 through 1977. Therefore, none of the amounts paid by Mr. Hertsch are includable in Mrs. Hertsch's gross income and no deductions are allowable to Mr. Hertsch under section 215(a). To reflect the agreement of the parties with respect to other issues and our conclusions herein, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue unless otherwise indicated.↩