LAUREL MARIE HOPKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hopkins
Docket No. 6759-91
United States Tax Court
T.C. Memo 1992-326; 1992 Tax Ct. Memo LEXIS 347; 63 T.C.M. (CCH) 3113; June 8, 1992, Filed *347 Decision will be entered for respondent. Laurel M. Hopkins, pro se. Theodore Weckel, for respondent. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180-182. Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $ 1,355. Respondent determined, in the notice of deficiency, that petitioner was not entitled to claim head of household status on her 1987 tax return and also disallowed a claimed child care credit of $ 1,104. The issues for decision are: (1) Whether petitioner is entitled to the filing status of head of household; and (2) whether petitioner is entitled to any child care credit. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated *348 herein by this reference. At the time of filing of the petition herein, petitioner resided in Port Hueneme, California. Petitioner and her husband, William (Mr. Hopkins), were legally married from 1979 until May 1988, when they received their final divorce decree. They have two children, William, Jr. and Julia. Petitioner testified in a vague manner that as of June 1987, she and her husband were no longer cohabitating and that they decided to terminate their marriage. However, due to his inability to secure housing for himself she allowed him to occasionally sleep in the living room. She testified that since June 1987, they did not have a joint bank account, her husband did not have a key to the marital home, he kept no clothing at the marital home, he did not eat meals at the marital home, he used his office address for mail (although he never filed a change of address card with the post office), and he often stayed with friends. Petitioner further testified that she paid all the household bills and was the sole means of support for their two children. In August 1987, petitioner moved out of the marital home. The record does not disclose what then became of the marital home *349 or Mr. Hopkins. In November 1987, petitioner filed for divorce. Petitioner did not offer any other evidence to corroborate her testimony. In her petition to this Court she stated: "Because a condition existed (husband residing at same address for seven months of 1987) which I could not control, does not mean I was not head of household." Additionally, in a letter to an Internal Revenue Service agent, petitioner wrote: "I had a husband that I couldn't get rid of living in my home. Because he would not move out, I had to move to get away from him." In the notice of deficiency, respondent determined that petitioner did not qualify for head of household status because she failed to meet the statutory requirements set forth in the Internal Revenue Code. We must agree with respondent. As relevant to this case, section 2(b)(1) defines "head of household" as an unmarried individual at the close of the taxable year, who maintains as her home a household which constitutes for more than one-half of such taxable year the principal place of abode of a child. Because petitioner was married throughout 1987, she cannot qualify under this section. However, a married individual can still qualify *350 as head of household if she files separately, maintains as her home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent child, furnishes over one-half of the cost of maintaining such household during the taxable year, and, during the last 6 months of the taxable year, such individual's spouse was not a member of such household. Secs. 2(c) and 7703(b). A taxpayer may claim a child care credit only if a "qualifying individual" resides in the household of the taxpayer. Sec. 21(a)(1). For 1987, the term "qualifying individual" included a dependent of the taxpayer who is under the age of 15. Sec. 21(b)(1). Generally, if a taxpayer is married at the close of the taxable year, no child care credit is allowed unless the taxpayer and his or her spouse file a joint return. Sec. 21(e)(2). However, section 21(e)(4) allows a married individual living apart to qualify for a child care credit, under requirements similar to section 7703(b). With regard to the issues presented, the crucial question is whether petitioner and Mr. Hopkins were living apart during the last six months of the 1987 tax year. If they were not, petitioner *351 can neither claim head of household status nor a child care credit. At trial, both parties focused, in part, on whether petitioner and Mr. Hopkins no longer lived as man and wife prior to July 1, 1987, which fact is inconclusive from the evidence submitted. We do not find it necessary to resolve that question. The concepts of "separated" or "living apart" have been considered by this and other courts. Generally, these words connote living in separate residences. Lyddan v. United States, 721 F.2d 873, 876 (2d Cir. 1983); Washington v. Commissioner, 77 T.C. 601, 605 (1981). In Sydnes v. Commissioner, 577 F.2d 60 (8th Cir. 1978), affg. in part and revg. and remanding in part 68 T.C. 170 (1977), the Eighth Circuit disagreed. However, in Washington, this Court respectfully disagreed with the Eighth Circuit, stating that "separated and living apart" required a geographical separation and means living in separate residences. See Lyddan v. United States, supra; Washington v. Commissioner, supra.In view of the fact that this case is appealable to the Ninth *352 Circuit, we are not bound to follow Sydnes. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). The Ninth Circuit has not specifically addressed this issue. Therefore, we continue to adhere to the views expressed in Washington that Congress intended a husband and wife should not be treated as "separated and living apart" when both are living under the same roof. Washington v. Commissioner, supra at 605; Dawkins v. Commissioner, T.C. Memo. 1991-225. [2]
*353 According to the record in this case, Mr. Hopkins did sleep in the marital home after July 1, 1987. Indeed, it would seem that petitioner's move out of the marital home in August 1987, was caused, at least in part, by her inability to evict her husband. We conclude that petitioner is not entitled to file her return as head of household because she was still married at the end of 1987 and she and Mr. Hopkins were not living apart for the entire last six months of 1987, but were members of the same household until at least August of 1987. Petitioner's proper filing status is married filing separate. Similarly, petitioner is not entitled to a child care credit. She was married at the end of 1987, she did not file a joint return with Mr. Hopkins, and they were living in the same household at some time during the last six months of 1987. Accordingly, we sustain respondent's determination of tax. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner cited Marriage of Imperato, 45 Cal. App. 3d 432, 119 Cal. Rptr. 590 (1975), for the proposition that "living separate and apart" should be construed to mean the time "when spouses have come to a parting of the ways with no present intention of resuming marital relations". However, in Imperato the issue for decision was the proper valuation date of community property. The parties in Imperato had separated, in that they were living in different residences. Thus, the facts in Imperato↩ are substantially different from the instant case and do not support petitioner's conclusion of law.