T.C. Summary Opinion 2006-158


UNITED STATES TAX COURT


XHEVAIR FERKO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14088-05S.            Filed September 26, 2006.


Xhevair Ferko, pro se.

Carrie L. Kleinjan, for respondent.


RUWE, Judge:  This case was heard pursuant to section 7463[1]
in effect when the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,903 in petitioner's 2004 Federal income tax. The issues for decision are: (1) Whether petitioner's proper filing status is head of household, as petitioner contends, or married filing separately, as respondent contends, and (2) whether petitioner is entitled to claim an earned income credit.

## Background

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Philadelphia, Pennsylvania.

Respondent received petitioner's 2004 Federal income tax return on April 15, 2005. Petitioner reported an earned income credit of $2,903, claimed two dependents,[2] and reported his filing status as single. Respondent mailed to petitioner a notice of deficiency disallowing the earned income credit and determining a deficiency of $2,903. Respondent also changed petitioner's filing status from single to married filing separately.

Petitioner was legally married to Vera Ferko throughout 2004. At no time did petitioner and Mrs. Ferko have a legal separation. Petitioner, his spouse, and their four children

---

[2] Petitioner claims to care for only two of his four children that live in the house while his wife cares for the other two children.

resided in the same house on Cambria Street in Philadelphia, Pennsylvania until November 21, 2004,[3] when they moved to Englewood Street in Philadelphia, where they continue to live in the same house.  The Cambria Street residence consisted of three bedrooms, one kitchen, a living room, a dining room, and two entrances.  The Englewood Street residence is similar, but slightly larger.  Both houses are single family residences.

### Discussion

1.  Head of Household Filing Status

Section 2(b) defines head of household.  As relevant here, section 2(b)(1) provides that an individual shall be considered a head of a household if such individual is not married at the close of the taxable year.  An individual shall be treated as not married at the close of the taxable year if such individual is so treated under the provisions of section 7703(b).  Sec. 2(c).

Section 7703(b) provides that an individual who is married shall not be considered as married if four requirements are satisfied:  (1) The individual files separately; (2) the individual maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child who is the tax dependent of such individual; (3)

---

[3] Petitioner originally testified that the family moved on Nov. 21, 2005, but the rest of the record establishes Nov. 21, 2004, as the date they moved.  We treat Nov. 21, 2004, as the date of the move.

the individual furnishes over one-half the cost of maintaining such household during the taxable year; and (4) for the last 6 months of the taxable year, the individual's spouse is not a member of such household.

Petitioner and Mrs. Ferko were married throughout the 2004 tax year. Petitioner, his spouse, and their children lived in the same house from January 2004 until they moved on November 21, 2004. After the move, they all continued to reside together in the new residence through the remainder of 2004. Petitioner contends that although he and his wife shared these houses, since 2003 they have lived as if they were separated and maintained separate households.

The pivotal issue is whether petitioner and Mrs. Ferko were living apart in separate households. If they were not living apart in separate households, then section 7703(b) would not have applied and petitioner's filing status was married filing separately and not head of household.

The concept of "living apart" has been considered by this and other courts. Generally, "living apart" connotes living in separate residences. Lyddan v. United States, 721 F.2d 873, 876 (2d Cir. 1983); Washington v. Commissioner, 77 T.C. 601, 604 (1981). The Court of Appeals for the Eighth Circuit disagreed with the general view of "living apart", finding that such a determination should be made based on the facts and circumstances

of the case.  Sydnes v. Commissioner, 577 F.2d 60, 62 (8th Cir. 1978), affg. in part and revg. and remanding in part 68 T.C. 170 (1977).

The Tax Court has continued to follow the views expressed in Washington v. Commissioner, supra at 604-605, in which we stated that "the Court should not be required to delve into the intimate question of whether husband and wife are in fact living apart while residing in the same house."  See McAdams v. Commissioner, 118 T.C. 373, 378 (2002); Chiosie v. Commissioner, T.C. Memo. 2000-117; Dawkins v. Commissioner, T.C. Memo. 1991-225.  In relation to sections 2 and 7703, we have held that living apart required geographical separation and living in separate residences.  See McAdams v. Commissioner, supra (citing Chiosie v. Commissioner, supra, Hopkins v. Commissioner, T.C. Memo. 1992-326).

In view of the foregoing, we hold that petitioner and his wife were not living apart in 2004.  Accordingly, petitioner is not considered unmarried pursuant to section 7703(b), and his filing status is married filing separately.

2.  Earned Income Credit

Section 32 provides that certain individuals may be entitled to an earned income credit if they satisfy certain requirements. One of the requirements is that the taxpayer, if married (within

the meaning of section 7703), must file a joint return with his or her spouse.  Sec. 32(d).

We have already found that petitioner was married throughout 2004.  Because petitioner failed to file a joint return for 2004, we hold that he is not entitled to an earned income credit pursuant to section 32.  See <u>Chiosie v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.