DEONDREA SUZANNE BECKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Becker v. Commissioner
Docket No. 6297-94
United States Tax Court
T.C. Memo 1995-177; 1995 Tax Ct. Memo LEXIS 172; 69 T.C.M. (CCH) 2439; April 17, 1995, Filed *172 Decision will be entered for respondent. Deondrea Suzanne Becker, pro se. For respondent: Amy Dyar Seals. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued January 14, 1994, respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 282. Petitioner resided in Nebo, North Carolina, when she filed a timely petition in this Court. The issue is whether petitioner is entitled to claim an earned income credit under section 32. The facts may be summarized as follows. At the beginning of 1990, petitioner and her husband resided together with their five children, who ranged from ages 7 to 12. Sometime in May petitioner asked her husband to leave. However, *173 he continued to live in the same house that petitioner occupied until the middle of July. There was no decree of divorce or separate maintenance. On petitioner's 1990 Federal income tax return, she reported income from a trade or business in the amount of $ 2,000. Petitioner claimed head of the household filing status, and deducted personal exemptions for her children as dependents. Petitioner also claimed an earned income credit (EIC), a refundable tax credit provided by section 32 for certain low-income individuals. [2] Upon examination, respondent determined that petitioner was not entitled to claim personal exemptions for her children and that, as she was married, she was not entitled to file as head of a household. Respondent also disallowed the EIC. We are willing to assume (but do not decide) that petitioner is entitled to the exemptions claimed and to use the head-of-household filing status. The only *174 effect that either issue has is in the determination of a deficiency not arising from the EIC issue, and there is no such deficiency. Regardless whether we find for or against petitioner on these issues, the result would neither increase nor decrease the amount of the deficiency. We turn then to the EIC issue. Section 32 allows an eligible individual a refundable credit equal to "14 percent of so much of the earned income for the taxable year as does not exceed $ 5,714." Sec. 32(a). An eligible individual is defined, inter alia, as a married individual who is entitled to a deduction under section 151 for a child. Sec. 32(c)(1). We are willing to assume that petitioner has a qualifying child. A married individual, as defined by section 7703, however, may not claim the EIC unless a joint return is filed. Sec. 32(d). Section 7703 provides: SEC. 7703. DETERMINATION OF MARITAL STATUS. (a) General Rule. -- For purposes of * * * those provisions of this title which refer to this subsection -- (1) the determination of whether an individual is married shall be made as of the close of his taxable year; * * * and (2) an individual legally separated from his spouse under a decree *175 of divorce or of separate maintenance shall not be considered as married.
(b) Certain Married Individuals Living Apart. -- For purposes of those provisions of this title which refer to this subsection, if -- (1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child * * * with respect to whom such individual is entitled to a deduction for the taxable year under section 151 * * *, (2) such individual furnishes over one-half of the cost of maintaining such household during the taxable year, and (3) during the last 6 months of the taxable year, such individual's spouse is not a member of such household,
such individual shall not be considered as married. There was no decree of divorce or separate maintenance, and section 7703(a) does not apply. With respect to section 7703(b), we are willing to assume that petitioner satisfies the conditions of subsections (1) and (2). The question remaining is whether petitioner's husband was "not a member of such household" during the last 6 months of the *176 taxable year. Sec. 7703(b)(3). This requirement is met "if such household does not constitute such spouse's place of abode at any time during such * * * [period]." Sec. 1.143-1(b)(5), Income Tax Regs. But there is no question here that, even though the husband may have been a persona non grata in petitioner's eyes, he was a member of petitioner's household within the last 6 months of 1990. He did not leave petitioner's household until the middle of July. Thus, petitioner was considered to be married under the provisions of section 7703. In this regard, we decline to explore the quality of a marriage or membership in a household when the parties live under one roof and adopt some form of constructive absence under the circumstances. Cf. Lyddan v. United States, 721 F.2d 873 (2d Cir. 1983); Coltman v. Commissioner, 980 F.2d 1134 (7th Cir. 1992), affg. T.C. Memo. 1991-127; Washington v. Commissioner, 77 T.C. 601 (1981). But see Sydnes v. Commissioner, 577 F.2d 60 (8th Cir. 1978), affg. in part and revg. in part 68 T.C. 170 (1977). *177 Petitioner was married and did not file a joint return with her husband. Consequently, petitioner is not entitled to claim an earned income credit. Sec. 32(d). Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Apparently petitioner originally claimed a credit in the amount of $ 296; however, she received $ 282.↩