T.C. Memo. 2000-117



UNITED STATES TAX COURT



KEITH CHIOSIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No.  4580-99.              Filed April 5, 2000.



Keith Chiosie, pro se.

<u>Robin L. Peacock</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


ARMEN, <u>Special Trial Judge</u>:  Respondent determined a deficiency and an accuracy-related penalty under section 6662(a) in petitioner's Federal income tax for the taxable year 1997 in the respective amounts of $3,634 and $726.80.[1]

---

[1]  All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references
(continued...)

The issues for decision are as follows:

(1) Whether petitioner's proper filing status is head of household, as petitioner contends, or married filing separately, as respondent determined.

(2) Whether petitioner is entitled to the earned income credit as claimed on his income tax return for the year in issue.

(3) Whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or intentional disregard of rules or regulations.

The resolution of the first two issues turns on whether petitioner, a married individual, should not be considered as married pursuant to the provisions of section 7703(b).

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioner resided in Monroe, New York, at the time that his petition was filed with the Court.

Throughout 1997, petitioner was married to Mary Chiosie (Mrs. Chiosie), although the couple was emotionally estranged. Nevertheless, petitioner and Mrs. Chiosie both resided in the same single-family residence located in Monroe, New York (the Monroe residence).

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

Petitioner and Mrs. Chiosie chose to reside in the same residence, despite their marital difficulties, for financial reasons and because they wanted to remain involved in the daily lives of their three sons.

Petitioner is by profession a truck driver.  During 1997, petitioner owned a sole proprietorship, the business of which involved the transport of small school buses from the manufacturing plant in Pampa, Texas, to school districts throughout the United States.  Petitioner generally hired other drivers to physically transport the school buses.  Accordingly, petitioner was able to conduct his business from the Monroe residence, an arrangement that he favored because of his desire to remain actively involved in the lives of his three sons.  However, from time to time petitioner was required to travel to Texas for business reasons.  During such trips, which generally were of short duration, petitioner either stayed at a motel or made more economical arrangements consistent with the transient nature of his stay.

In 1997 petitioner earned a net profit from the operation of his proprietorship in the amount of approximately $14,600.

In 1997 Mrs. Chiosie was employed as a restaurant hostess, and she received wages in the amount of approximately $9,400.

Both petitioner and Mrs. Chiosie contributed financially to the upkeep and maintenance of the Monroe residence.

Petitioner and Mrs. Chiosie filed separate Federal income tax returns for 1997.

In filing his 1997 return, petitioner utilized Form 1040, and he listed his address as that of the Monroe residence. Petitioner specified his filing status as head of household, and he claimed dependency exemptions for two of his three sons. Petitioner also claimed an earned income credit in the amount of $3,310.

Respondent began an examination of petitioner's 1997 return on June 30, 1998. Thereafter, in a notice of deficiency dated December 1, 1998, respondent determined that petitioner's proper filing status was married filing separately and not head of household. Respondent also disallowed the earned income credit claimed by petitioner.[2] Finally, respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or intentional disregard of rules or regulations.

OPINION

Issue 1. Petitioner's Filing Status

We begin with petitioner's filing status. Section 2(b) defines head of household. As relevant herein, section 2(b)(1) provides that an individual shall be considered a head of a

---

[2] Respondent did not disallow the two dependency deductions claimed by petitioner.

household if such individual is not married at the close of his taxable year.  Section 2(c) provides that an individual shall be treated as not married at the close of the taxable year if such individual is so treated under the provisions of section 7703(b).

Section 7703(b) provides that an individual who is married shall not be considered as married if three requirements are satisfied.  The first requirement is that the individual maintain as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child who is the tax dependent of such individual.  The second requirement is that the individual furnish over one-half of the cost of maintaining such household during the taxable year.  The third requirement is that for the last 6 months of the taxable year, the individual's spouse is not a member of such household.

The record in this case establishes that petitioner and Mrs. Chiosie, as well as their three sons, resided in the Monroe residence throughout 1997.  However, petitioner contends that he did not live with Mrs. Chiosie because they were emotionally estranged and did not share the same bedroom.  The pivotal issue is therefore whether petitioner and Mrs. Chiosie were living apart in separate households.  If they were not living apart in separate households, then section 7703(b) would not apply and petitioner's filing status is married filing separately and not head of household.

The concept of "living apart" has been considered by this and other courts. Generally, "living apart" connotes living in separate residences. Lyddan v. United States, 721 F.2d 873, 876 (2d Cir. 1983); Washington v. Commissioner, 77 T.C. 601, 605 (1981); Hopkins v. Commissioner, T.C. Memo. 1992-326; Hertsch v. Commissioner, T.C. Memo. 1982-109. But see Sydnes v. Commissioner, 577 F.2d 60 (8th Cir. 1978), affg. in part and revg. and remanding in part 68 T.C. 170 (1977). In Washington v. Commissioner, supra, this Court held that "living apart" requires a geographical separation and means living in separate residences; i.e., living under separate roofs. Cf. Dawkins v. Commissioner, T.C. Memo. 1991-225; Coltman v. Commissioner, T.C. Memo. 1991-127, affd. 980 F.2d 1134 (7th Cir. 1992); LaBow v. Commissioner, T.C. Memo. 1987-191, affd. without published opinion 863 F.2d 45 (2d Cir. 1988). When the parties live under one roof, we have specifically refused to explore the quality of a marriage and adopt some form of constructive absence under the circumstances. See Becker v. Commissioner, T.C. Memo. 1995-177.

In view of the foregoing, we hold that petitioner did not live separately from Mrs. Chiosie in 1997. Accordingly, petitioner is not considered as unmarried pursuant to section 7703(b), and his filing status is necessarily married filing separately. Respondent's determination on this issue is sustained.

Issue 2.  Earned Income Credit

We turn now to section 32.  That section provides for an earned income credit.  However, in order to be entitled to an earned income credit, the taxpayer must satisfy a number of requirements.  One of the requirements is that the taxpayer, if married, must file a joint return with his or her spouse.  See sec. 32(d).

Because petitioner is not considered as unmarried pursuant to section 7703(b), and because he and Mrs. Chiosie filed separately and not jointly, an earned income credit is not allowable as a matter of law.  See Presley v. Commissioner, T.C. Memo. 1996-553; Becker v. Commissioner, supra.  Respondent's determination on this issue is sustained.

Issue 3.  Accuracy-Related Penalty

Finally, we turn to the accuracy-related penalty. Section 6662(a) and (b)(1) provides that if any portion of an underpayment of tax is attributable to negligence or disregard of rules or regulations, then there shall be added to the tax an amount equal to 20 percent of the amount of the underpayment that is so attributable.  The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard.  See sec. 6662(c).  A taxpayer will not be liable for the penalty under section 6662 if the taxpayer establishes that

- 8 -

there was reasonable cause for the underpayment and that he or she acted in good faith with respect to the underpayment.  See sec. 6664(c).

The taxpayer bears the burden of proving that the negligence penalty is inapplicable.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111 (1933); Gircsis v. Commissioner, T.C. Memo. 1992-244; cf. sec. 7491(c), effective for court proceedings arising in connection with examinations commencing after July 22, 1998.

We conclude that petitioner is liable for the accuracy-related penalty.  Of particular significance is the fact that there is no persuasive evidence that petitioner ever properly inquired whether his marital status allowed him to file as head of household or whether he was entitled to claim an earned income credit without filing a joint return.  In other words, there is no persuasive evidence that petitioner made a reasonable attempt to comply with applicable law.  Further, the fact that Mrs. Chiosie may have refused to file a joint return because of marital discord provides no justification for petitioner to claim a filing status to which he is clearly not entitled.

Finally, petitioner contends that certain events that occurred during the examination stage of this case justify his reporting position.  We disagree; such events are not material to the issue whether petitioner made a reasonable attempt to comply

with applicable law. Rather, the resolution of such issue requires us to focus on relevant facts and circumstances that existed at the time that petitioner filed his 1997 return.

In view of the foregoing, we sustain respondent's determination on this issue.

Conclusion

To give effect to our disposition of the disputed issues,

Decision will be entered

for respondent.