T.C. Summary Opinion 2001-12

UNITED STATES TAX COURT

RICKY R. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18147-98S.                    Filed February 15, 2001.

Ricky R. Williams, pro se.

<u>Philip G. Owens</u>, for respondent.

<u>CARLUZZO</u>, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1997.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,193 in petitioner's 1997 Federal income tax. The issues for decision are: (1) Whether petitioner qualifies as a head of household, and (2) whether petitioner is entitled to an earned income tax credit. The resolution of both issues depends upon petitioner's marital status, for certain purposes, as of the close of 1997.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Jeffersonville, Indiana.

Petitioner and Sheila Eggleston (petitioner's spouse) were married in 1978 and remained married as of the date of trial. They are the parents of three children, one of whom died before the year in issue.

In 1992, petitioner and his spouse purchased a house in Louisville, Kentucky, that was used as the family residence (the Louisville residence). Starting sometime in 1992, and from time to time thereafter, petitioner and his spouse separated due to marital difficulties. Typically, one or the other moved from the Louisville residence and resided elsewhere. Periodic separations were followed by reconciliations when they resumed living together at the Louisville residence. At times, petitioner and his spouse resided together solely for financial reasons.

In January 1997, they were living together at the Louisville residence. In April of that year, petitioner's spouse moved into her mother's house, which was vacant at the time due to her mother's death. Petitioner's spouse left various items of personal property, including clothing, jewelry, and furniture at the Louisville residence. Sometime around July 4, she removed her clothing, jewelry, and other possessions from the Louisville residence. As of the close of 1997, she had not formally changed her address; the address of the Louisville residence was shown on her driver's license and used by her as her mailing address. During those periods when petitioner moved from the Louisville residence, he too, maintained that address as his mailing address.

At least one of petitioner's children lived at the Louisville residence throughout 1997. From time to time after petitioner's spouse moved from the Louisville residence, she returned there to visit with or pick up her child, gather her clothing or other personal items, or collect her mail. She continued to contribute towards the expenses of maintaining the Louisville residence throughout the year.

Petitioner's spouse moved back to the Louisville residence in January 1998; petitioner moved out in February of that year, and they maintained separate residences until at least October 1999 when petitioner moved back into the Louisville residence.

Petitioner filed his timely 1997 Federal income tax return as a head of household. He claimed an earned income credit on that return. Petitioner filed an amended return on April 29, 1998, but because of agreements between the parties, nothing reported on the amended return is relevant here.

In a July 19, 1998, letter written by petitioner to respondent's examining agent during the course of the examination that preceded this case, petitioner stated: "my spouse moved into her mom's home in July 1997".

In the notice of deficiency, respondent determined that petitioner did not qualify as a head of household for 1997 and treated petitioner as a married individual who files a separate return. Respondent further determined that he was not entitled to an earned income credit for that year. According to the explanation contained in the notice of deficiency, both determinations were made because petitioner "did not establish that * * * [he met] the qualifications of certain married individuals living apart".

Discussion

Subject to a variety of conditions, requirements and limitations that need not be discussed, petitioner qualifies as a head of household and is entitled to an earned income credit for 1997 only if he is considered as not married as of the close of that year. See secs. 2(b)(1), 32(d).

Petitioner and his spouse were neither divorced nor legally separated as of the close of 1997. However, for purposes of the issues here in dispute, an individual will not be considered as married as of the close of a taxable year, if "during the last 6 months of the taxable year, such individual's spouse is not a member of * * * [the individual's] household". Sec. 7703(b)(3); see secs. 2(c), 32(d).

During 1997, the situs of petitioner's household was the Louisville residence. The parties disagree as to how long petitioner's spouse was a member of petitioner's household during that year. Petitioner claims that his spouse was a member of his household only until April when she moved from the Louisville residence to her deceased mother's house; respondent takes the position that the move occurred in July and that she was a member of petitioner's household up until that time. Obviously, if petitioner's version is correct then he satisfies the 6-month requirement of section 7703(b)(3); if respondent's version is correct then he does not. See Becker v. Commissioner, T.C. Memo. 1995-177.

The determination of petitioner's marital status under section 7703(b)(3) is a question of fact. See Sharer v. Commissioner, T.C. Memo. 1994-453. Petitioner's position is supported by his testimony and the testimony of his wife. From their demeanor and behavior at trial, the Court concludes that

their relationship at that time was less than cordial. Nevertheless, both testified that she moved from the Louisville residence in April 1997. Both testified that after moving in April, she returned to the Louisville residence from time to time to retrieve personal items stored there and to visit with her son, and both testified that in early July 1997 she removed her personal property from the Louisville residence.

Respondent disputes petitioner's claim that his spouse moved from the Louisville residence in April. Respondent points to the petition, filed November 16, 1998, in which petitioner alleges that his spouse "moved * * * in July 1997." Respondent further relies upon petitioner's July 1998 letter to the examining agent in which petitioner states "my spouse moved into her mom's home in July 1997". The line of questions put to petitioner during his cross-examination strongly suggests that, as far as respondent is concerned, petitioner's claim that his wife moved in April was concocted after petitioner realized that a separation that began in July 1997 would be too late to allow him to be considered as not married under section 7703(b) as of the close of that year.

Respondent's suggestion is well taken, but not persuasive. Given petitioner's plausible explanation of the references to July 1997, we are inclined to accept his version of the relevant events, as corroborated by his spouse, and find that she moved

from the Louisville residence during April 1997. We further find that petitioner's spouse was not a member of his household during the remainder of that year. That being so, in accordance with section 7703(b)(3), petitioner is not considered as married, within the meaning of sections 2(b)(1) and 32(d) as of the close of 1997. He therefore qualifies as a head of household and for the earned income credit here in dispute for that year.

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing,

<u>Decision will be</u>

<u>entered for petitioner</u>.