T.C. Summary Opinion 2004-33

UNITED STATES TAX COURT

EBRAHIM ELSAWAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19046-02S.                    Filed March 18, 2004.

Ebrahim Elsawah, pro se.

<u>Sylvia L. Shaughnessy</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $3,301 for the taxable year 2000. The issue for decision is whether petitioner is treated as not married under section 7703(b), thereby entitling him to head-of-household filing status and an earned income credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in El Cajon, California, on the date the petition was filed in this case.

Petitioner and his former wife, Laila M. Elsawah (Ms. Elsawah), received an Islamic divorce on April 2, 1999.[1] The following month, petitioner filed a petition for dissolution of marriage with the Superior Court of San Diego County. However, this suit was abandoned, and no divorce was obtained as a result thereof. After receiving the Islamic divorce, Ms. Elsawah continued residing in the same residence as petitioner, a residence which they jointly owned. Ms. Elsawah moved into the basement while petitioner and their two children resided in the upper levels. Ms. Elsawah, who was working and who was involved in another relationship, spent little time in the residence. She permanently left the residence in October 2001. Throughout this

---

[1]This Court need not, and clearly cannot, rule upon the validity of such a religious divorce. We accept petitioner's testimony that he received the divorce.

period, petitioner and Ms. Elsawah had remained legally married; they were finally divorced after Ms. Elsawah filed a second petition for dissolution with the Superior Court of San Diego County on January 17, 2002. After the divorce, the children continued living with petitioner, and Ms. Elsawah was given visitation rights.

Petitioner filed a Federal income tax return for taxable year 2000 on which he claimed head-of-household filing status and an earned income credit of $3,301. In the notice of deficiency, respondent determined that petitioner's filing status was married filing separately and disallowed the earned income credit.

As is relevant here, a taxpayer is entitled to head-of-household filing status only if the taxpayer is not married at the close of his taxable year. Sec. 2(b)(1). A taxpayer who is married at the end of the year is entitled to an earned income credit only if a joint return is filed for the taxable year. Secs. 32(d), 7703(a)(1). Thus, because petitioner did not file a joint return with Ms. Elsawah, he is not entitled to either head-of-household filing status or the earned income credit if he was married at the end of 2000.

Both parties agree that petitioner and Ms. Elsawah were legally married until some time after January 17, 2002. However, for purposes of filing status and the earned income credit, certain married individuals who live in separate households from

their spouses may be treated as not being married at the end of the taxable year.  Secs. 2(c), 32(d), 7703(b).  For an individual to qualify for this treatment, the three requirements of section 7703(b) must be met.  The parties agree that petitioner meets the first two requirements, but disagree as to whether petitioner meets the third requirement, which requires that "during the last 6 months of the taxable year, such individual's spouse is not a member of * * * [the individual's] household".  Sec. 7703(b)(3).

Petitioner argues that he and Ms. Elsawah were separated after the Islamic divorce in 1999--when Ms. Elsawah moved into the basement of the family residence--and that therefore she was not a member of his household during the year 2000.  We disagree with petitioner.  For purposes of section 7703(b), "'living apart' requires a geographical separation and means living in separate residences; i.e., living under separate roofs." Chiosie v. Commissioner, T.C. Memo. 2000-117.  This Court declines to "explore the quality of a marriage or membership in a household when the parties live under one roof" and to "adopt some form of constructive absence under the circumstances."  Becker v. Commissioner, T.C. Memo. 1995-177; see also Chiosie v. Commissioner, supra.

Petitioner's argument that he and Ms. Elsawah were living in separate households is based in part upon his interpretation of the definition of "living separate and apart" under California

law.[2]  Whether a taxpayer shares a household with a spouse for purposes of section 7703(b) is a question of fact.  Sharer v. Commissioner, T.C. Memo. 1994-453.  California law is not relevant to this factual inquiry.

Finally, petitioner argues that the instructions in certain IRS guidance regarding head-of-household filing status do not state that spouses must live in different residences, only that they "not have lived together".  This guidance is provided by the IRS to assist taxpayers in preparing their returns.  The authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions and not in informal publications provided by the IRS.  Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979).

We find that because petitioner and Ms. Elsawah lived under one roof during the year in issue, they resided in the same household throughout that year for purposes of section 7703(b).  Petitioner therefore is not treated as unmarried at the end of the year, and he is entitled to neither head-of-household filing status nor the earned income credit.  Secs. 2(b)(1), 32(d).

---

[2]Specifically, petitioner cites Cal. Fam. Code sec. 771(a)(West Supp. 2004) (pertaining to separate property acquired during marriage by spouses who are "living separate and apart") and In re Marriage of Norviel, 126 Cal. Rptr. 2d 148 (Ct. App. 2002) (interpreting the phrase "living separate and apart" under Cal. Fam. Code sec. 771(a)(West Supp. 2004)).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.