T.C. Memo. 2004-145

UNITED STATES TAX COURT

MANUEL JULIAN DIAZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13876-02.                    Filed June 17, 2004.

Manuel Julian Diaz, pro se.

Timothy Maher, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Chief Judge:  Respondent determined a deficiency of $5,179 in petitioner's Federal income tax for 2001.  After concessions by respondent, the sole issue for consideration is

whether petitioner qualifies for the earned income tax credit under section 32(a).[1]

FINDINGS OF FACT

Petitioner resided in Miami, Florida, at the time that he filed his petition. On July 23, 1997, petitioner married Eunice Pereyra. Petitioner and his wife had two children, a daughter born on May 14, 1998, and a son born on January 16, 2000. Petitioner's daughter and son lived with petitioner at all times during 2001.

Petitioner's wife did not have legal resident status in the United States and did not possess a Social Security number. During 2001, petitioner's wife left the United States for Mexico.

Petitioner and his wife did not file a joint Federal income tax return for 2001. Petitioner filed electronically a Form 1040, U.S. Individual Income Tax Return, for 2001. On his Form 1040, petitioner claimed "head of household" filing status.

Petitioner remained married throughout 2001 and through the trial of this case in December 2003. Petitioner's wife did not return to the United States.

In the notice of deficiency, respondent determined that petitioner's filing status was "married filing separate" and

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

disallowed petitioner's dependent exemptions, earned income credit, and child tax credit.  Respondent now concedes that petitioner is entitled to claim "head of household" filing status (and the increased standard deduction available for that filing status), his claimed dependent exemptions, and the child tax credit.

OPINION

Section 32(a) allows a refundable earned income credit in amounts specified and under conditions specified in that section. One of the conditions is that, in the case of an individual who is married, a joint return with the individual's spouse must be filed for the year for which the credit is claimed.  Sec. 32(d); sec. 1.32-2(b)(2), Income Tax Regs.

For purposes of section 32(a), a taxpayer's marital status is determined under section 7703.  Section 7703(b) provides in pertinent part:

> SEC. 7703(b).  Certain Married Individuals Living Apart.--For purposes of those provisions of this title which refer to this subsection, if--
>
> (1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child (within the meaning of section 151(c)(3)) with respect to whom such individual is entitled to a deduction for the taxable year under section 151 (or would be so entitled but for paragraph (2) or (4) of section 152(e)),

(2) such individual furnishes over one-half of the cost of maintaining such household during the taxable year, and

(3) during the last 6 months of the taxable year, such individual's spouse is not a member of such household, such individual shall not be considered as married.

Petitioner has made vague and inconsistent assertions as to when his wife left his household in 2001.  He testified:

MR. DIAZ:  I believe she left between June and July of 2001.  2001, yes.

THE COURT:  Has she ever returned?

MR. DIAZ:  Never.

\*      \*      \*      \*      \*      \*      \*

MR. DIAZ:  \* \* \*  But she was not living with me during the whole period of 2001, because, when I moved, it was about six months that she was not even living with me.  She moved--she moved--she left the apartment with her mother that came from Mexico and she decided to leave.

Only in his answering brief does petitioner state categorically that his wife left in June, asserting:  "The commissioner makes emphasis in the date in which my wife left the country to which for me is not much of importance."  The assertion in petitioner's brief, however, cannot be treated as evidence.  Rule 143(b).  The date on which petitioner's wife left his household is not only important; it is determinative.  If petitioner's wife left in July rather than June, he is not entitled to the earned income tax credit.  See Becker v. Commissioner, T.C. Memo. 1995-177.  In the absence of reliable evidence that she left prior to July

2001, petitioner is not entitled to the earned income tax credit under section 32(a).

It appears from the arguments in his briefs that petitioner may be confused by respondent's concession that, for purposes of "head of household" status, petitioner may be treated as an unmarried person. For purposes of section 2(b), dealing with "head of household" status, the taxpayer may be considered not married at the close of the year if "at any time during the taxable year his spouse is a nonresident alien". Sec. 2(b)(2)(C). The definition in that section, however, has not been extended to other situations where marital status is determined under section 7703 (formerly section 143). See Kravetz v. Commissioner, T.C. Memo. 1985-496, affd. without published opinion (D.C. Cir., Oct. 17, 1986). The specifically applicable statutory definition cannot be disregarded even though petitioner argues persuasively that he was disabled from filing a joint return because of his wife's inability to stay in the United States legally or to obtain a Social Security number. Cf. Peppiatt v. Commissioner, 69 T.C. 848, 853-854 (1978).

In order to reflect respondent's concessions,

Decision will be entered

under Rule 155.