T.C. Summary Opinion 2005-73

UNITED STATES TAX COURT

ELPIDIO LOZOYA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8495-03S.                    Filed June 6, 2005.

Elpidio Lozoya, pro se.

<u>Kelli Todd</u>, for respondent.

HOLMES, <u>Judge</u>:  Elpidio Lozoya's marriage is a stormy one,
and he has often been left alone to tend to their two children.
2001 was especially difficult for the Lozoyas, and Mr. Lozoya
filed a tax return by himself that year, claiming an earned
income tax credit (EITC) for his two children.  His right to an
EITC turns on whether and when his wife left him that year.[1]

---

[1] The case was tried under Internal Revenue Code section
7463.  (All section citations are to the Code as in effect for
(continued...)

## Discussion

Elpidio and Rosa Lozoya were legally married throughout 2001. Mr. Lozoya was self-employed as a handyman and earned about $10,000. Mrs. Lozoya, an illegal alien in 2001, was a homemaker while she lived with him and their children. No one disputes that during the first part of 2001, they lived together with their two school-age children.

Filing a joint return can be difficult when one spouse is an illegal alien, and so not entitled to the Social Security number ordinarily required to process a return.[2] On his 2001 tax return, Lozoya checked the box marked "single" as his filing status. He did not claim either of his children as a dependent, but he did claim an EITC. When the IRS audited his return, the revenue agent changed Lozoya's filing status to married-filing-separately because he was married at the end of 2001.[3] This change then triggered a disallowance of the EITC because a married man must file a joint return to claim it. Sec. 32(d).

---

[1](...continued)
2001.) Because Lozoya chose small case status, this decision is not reviewable by any other court, and this opinion should not be cited as precedent.

[2] The Commissioner grants individual taxpayer identification numbers to aliens who apply for one, see generally sec. 301.6109-1, Proced. & Admin. Regs. Mrs. Lozoya never did.

[3] The Commissioner also imposed an addition to tax for late filing, but has now conceded that issue.

This case raises three issues:

- Did the Lozoya children qualify as dependents?

- What was Lozoya's correct filing status?

- Did he qualify for the EITC?

Section 152(a) defines "dependent" to include a taxpayer's children if he provides more than half their support during the year. There can be no doubt that the Lozoya children (who were only 8 and 15 during 2001) qualify--their father was the only source of income for the family, and they lived with him throughout the year.

It is a mystery why Lozoya's return preparer did not claim them as dependents (and thus triple the number of exemptions Lozoya could take) on the original return. And Lozoya himself did not expressly raise the issue in his petition. Nevertheless, mindful that "[t]rials of small tax cases will be conducted as informally as possible," Tax Court Rule 174(b), and because Lozoya's correct filing status and eligibility for the credit *were* squarely in issue and turn in part on whether his children were dependents, Tax Court Rule 41(b)(1), we expressly find that he is entitled to claim his two children as dependents.

That his children were his dependents is important because it affects our decision about his correct filing status. The Commissioner insists that Lozoya must file as married-filing-separately because he was married and his wife did not sign a

joint return with him. Section 7703(b), however, allows a married man to file as if he were unmarried when he: (a) files a separate return, (b) pays over half the cost of maintaining his household during the year, and (c) uses that household as his principal place of abode together with at least one dependent child, if (d) "during the last 6 months of the taxable year, such individual's spouse is not a member of such household." The parties disagree only about whether the Lozoyas shared the same household for the last 6 months of 2001.

What does it mean to be a "member of such household?" A regulation tells us that a "nonpermanent failure to occupy such household as his abode by reason of illness, education, business, vacation, or military service shall be considered a mere temporary absence due to special circumstances." Sec. 1.7703-1(b)(5), Income Tax Regs. And even marital strife so bad that a husband demands that his wife leave is not sufficient if they continue to "live under one roof." See Becker v. Commissioner, T.C. Memo. 1995-177.

The issue comes down to a judgment on the credibility of Lozoya and his son. Both testified, and we find both to be honest witnesses. Though neither remembered the precise date that Mrs. Lozoya left the house in 2001--Mr. Lozoya testified that she left in "June 2001" and Luis said that she left "before school let out for summer vacation"--we find that Mrs. Lozoya was

not living under the same roof with them, nor was she absent only temporarily "due to special circumstances." Although she would visit the children occasionally, she was simply not a member of their household during the last 6 months of the year.

The Commissioner disbelieved Lozoya because it was only at trial that he produced his son to testify about when his wife left. This doubt is understandable--most people would try to provide what information they could to the IRS as soon as possible to avoid a trial. But Lozoya explained that he had numerous phone calls with several IRS employees about at least three different tax years. Not all the employees seemed to know about the information he had sent in for which years on which contested items; and the fact that Lozoya's native language isn't English is probably a further reason why this case ended up being tried with only testimonial proof on either side of this issue.

Based on a preponderance of that evidence, we find that Lozoya qualifies to be treated as unmarried for 2001. This means that he meets one requirement for filing as head of household. Another requirement for that status is that he provide a home for at least one child. The record shows that he provided a home to both his children, and they are both "qualifying children." Sec. 2(b)(1)(A). Lozoya can thus claim head-of-household filing status for 2001.

Since Lozoya qualifies for that filing status, it follows

that he also qualifies for the EITC for his two children.  The Commissioner points us to <u>Diaz v. Commissioner</u>, T.C. Memo. 2004-145, where the taxpayer was allowed to file as head of household but was still prohibited from taking the EITC.  Diaz, however, could file as head of household only because his wife was a nonresident alien at some time during the tax year.  Lozoya, in contrast, can use that filing status because he qualifies as unmarried under section 7703(b).

To make the appropriate adjustments,

<u>A decision will be entered under Rule 155</u>.