T.C. Memo. 2003-222


UNITED STATES TAX COURT


JAMES C. DUBOIS, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10718-02.              Filed July 29, 2003.


James C. DuBois, Sr., pro se.

<u>John W. Stevens</u> and <u>Robert Heitmeyer</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine a $2,228 deficiency determined by respondent in his 1999 Federal income tax.  We decide as to that year whether petitioner's gross income includes Social Security payments and gambling winnings as determined by respondent.  We hold it includes the gambling winnings but not the Social Security payments.  Section

references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the dollar.

FINDINGS OF FACT

Some facts were stipulated. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. We find the stipulated facts accordingly. Petitioner resided in Detroit, Michigan, when his petition was filed. On March 24, 2003, the date of trial, he was 71 years old.

Petitioner filed timely a 1999 Form 1040A, U.S. Individual Income Tax Return, using the filing status "Married filing separate return" and affixing thereto a sticker received from the Internal Revenue Service showing his street address as "WARD ST". Petitioner stated on his return that his gross income included only $11,968 of pension payments which he received during 1999. Petitioner attached to his return a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., showing the $11,968 as well as an amount of Federal income tax that had been withheld from his pension. The Form 1099-R showed petitioner's street address as the Ward Street address. Petitioner computed his taxable income at $4,786 by subtracting from the $11,968 a standard deduction of $4,450 and an exemption of $2,750.

During 1999, petitioner admittedly received gambling winnings of $920, $768, $825, and $621 from Hazel Park Harness Raceway (Hazel Park). Hazel Park reported to respondent by way of Forms W-2G, Certain Gambling Winnings, that it had paid petitioner these amounts as well as other gambling winnings of $1,405 and $930. The Social Security Administration also reported to respondent by way of a Form 1099-SSA, Taxable Benefits, that it had paid $11,022 to petitioner during 1999. Respondent determined that the reported gambling winnings of $920, $768, $825, $621, $1,405, and $930 were includable in petitioner's 1999 taxable income, as was $9,369 of the $11,022 in Social Security payments.

A Hazel Park teller prepared a Form 5754, Statement by Person(s) Receiving Gambling Winnings, for each of petitioner's six reported gambling winnings. These forms, which were all signed by petitioner during 1999, showed "Freeland St" as petitioner's street address.[1] The Freeland Street address was the residential address during 1999 of petitioner's wife and was the residential address of petitioner from 1965 through sometime before 1999. The tellers who prepared the Forms 5754 did so by showing as petitioner's address the address that appeared on petitioner's driver's license; i.e., the Freeland Street address.

---

[1] The Forms 5754 reported that the $920, $768, $825, $621, $1,405, and $930 were paid in 1999 on Feb. 17, June 5, June 16, Aug. 11, July 20, and Sept. 3, respectively.

Although petitioner sometime before 1999 had moved from the Freeland Street address to the Ward Street address, petitioner had never notified the Motor Vehicle Department of his change of address. The Ward Street address was the home of petitioner's son and his family. Petitioner also lived there during 1999, apart from his wife.

Respondent mailed the subject notice of deficiency to petitioner at the Ward Street address.

OPINION

1. Social Security

Section 86 taxes Social Security benefits pursuant to a formula. If a taxpayer's "modified adjusted gross income" plus one-half of the Social Security benefits received during the year exceeds the "base amount", then a portion of the Social Security benefits is includable in gross income. Sec. 86(a)--(d). Section 86(c)(1)(A) provides generally that the base amount is $25,000 in the case of a married taxpayer such as petitioner who does not file a joint Federal income tax return for the year. Section 86(c)(1)(C) provides that such a taxpayer's base amount is zero for any year for which the taxpayer does not live apart from his or her spouse at all times during that year. Living apart at all times means that the taxpayer and his or her spouse live in separate residences on each day of the year. McAdams v. Commissioner, 118 T.C. 373 (2002).

Respondent determined that petitioner's base amount was zero for 1999 because he did not live apart from his spouse on each day of the year. Petitioner testified that he lived apart from his wife during all of 1999. We find petitioner's testimony credible in light of the record as a whole, including the undisputed facts that petitioner filed his 1999 tax return using the status "Married filing separate return", that petitioner used the Ward Street address on that return, that respondent recognized the Ward Street address as petitioner's address when he mailed to petitioner the sticker attached to his 1999 return, that respondent mailed the subject notice of deficiency to petitioner at the Ward Street address, and that the payor of petitioner's pension mailed the Form 1099-R to petitioner at the Ward Street address. Whereas the Forms 5754 did show petitioner's address as the Freeland Street address, i.e., the address of petitioner's wife, those forms were prepared by the Hazel Park tellers and not by petitioner. The tellers simply inscribed on those forms the address for petitioner shown on his driver's license. We find credible petitioner's testimony as to why his driver's license continued to list the Freeland Street address as his address. We hold for petitioner on this issue.

2. <u>Gambling Winnings</u>

Respondent determined that petitioner received the disputed gambling winnings of $1,405 and $930.  Petitioner makes no claim that he did not receive these amounts or that the Forms 5754 do not bear his name and a corresponding signature.  We understand petitioner to claim that he does not remember signing these forms and, thus, that the signatures on the Forms 5754 may not actually be his.

Upon our review of the record, including our comparison of the signatures on each of the Forms 5754 and our comparison of the dates of those respective forms, we sustain respondent's determination as to this issue.  Petitioner's 1999 tax return as filed did not include any of his gambling winnings, and he has not contested that he received the six amounts shown on the Forms 5754.  In addition, petitioner admitted at trial that he did not report other gambling winnings which he had received in 1999, each of which was less than $600.[2]  Whereas petitioner in his petition alleged that he had approximately $2,000 of gambling losses to offset his gambling winnings, he has failed to prove this allegation.  Petitioner, as the person claiming a deduction, must prove his entitlement to that deduction; e.g., by maintaining sufficient records to substantiate the deduction.

---

[2] Petitioner testified that he believed that gambling winnings less than $600 are not includable in a taxpayer's gross income.

See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  We hold that petitioner is not entitled to deduct any of his claimed gambling losses.

Decision will be entered under Rule 155.