T.C. Summary Opinion 2007-7


UNITED STATES TAX COURT


DAYE CALVERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23246-04S.              Filed January 16, 2007.


Daye Calvert, pro se.

<u>Linda A. Neal</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue. This case is decided without regard to the burden of proof.  In some instances, sec. 7491 shifts the burden of proof to respondent.  Since this case involves only a question of law, sec. 7491 is not applicable here.

Respondent determined a deficiency of $2,835 in petitioner's Federal income tax for the year 2002.

The sole issue for decision is whether Social Security benefits received by petitioner during 2002 are includable in gross income under section 86(a).[2]

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Shreveport, Louisiana. Petitioner was married and lived with his wife at Shreveport, Louisiana.

Petitioner has a degree in architectural engineering and, during the year at issue, was employed as construction superintendent on a 2-year project at Reno, Nevada. For the duration of his employer's construction contract, which included the year 2002, petitioner rented an apartment at Reno, Nevada. His spouse did not move to Reno but continued occupying their residence at Shreveport, Louisiana. At trial, petitioner acknowledged that, from time to time, he visited his spouse at their Shreveport home during the 2-year period he was at Reno. He also acknowledged that he and his spouse were not separated

---

[2]In the notice of deficiency, respondent determined that petitioner earned interest income of $26 during the year at issue. Petitioner did not address this determination at trial; consequently, it is considered to be conceded by petitioner.

due to marital discord, and they were separated during the year at issue solely because of his employment.

During the year 2002, petitioner received $11,299 in Social Security benefits. For that year, petitioner filed a Federal income tax return with the filing status of married, filing separately. He reported the $11,299 in Social Security benefits on his return, and, based on his computation on a Social Security benefits worksheet, he calculated that $9,604 of the $11,299 constituted the taxable portion of his Social Security benefits. However, petitioner relied upon the language on line 9 of the worksheet, which states: "But if you are married filing separately and you lived apart from your spouse for all of 2002, enter -0- on line 20b. Be sure you entered 'D' to the right of the word 'benefits' on line 20a." Because petitioner lived at Reno, Nevada, the entire year (except for periodic visits to his wife), and since he was filing his return separately, he, accordingly, did not enter any amount as income on line 20b of his return. However, he entered the $11,299 on line 20a and entered the letter "D" pursuant to the directions of the Social Security benefits worksheet. Petitioner claims, therefore, that no portion of his Social Security benefits is taxable. He claims that he lived apart from his wife for the year 2002. In the notice of deficiency, respondent determined that the taxable

portion of the Social Security benefits was $9,604[3] and, accordingly, determined the deficiency of $2,835.[4]

The fundamental question in this case is whether petitioner and his spouse "lived apart" from each other during the taxable year 2002. As noted above, petitioner lived at Reno, Nevada, that year because of his employment but admitted that he occasionally visited his spouse at their matrimonial domicile. In McAdams v. Commissioner, 118 T.C. 373, 378-379 (2002), the Court concluded that, for purposes of section 86(c)(1)(C)(ii), "living apart" means living in separate residences at all times during the taxable year. This means that the taxpayer and his or her spouse live in separate residences on each day of the year. Dubois v. Commissioner, T.C. Memo. 2003-222. The fact that petitioner in this case lived in Reno, Nevada, away from his

---

[3]The Social Security benefits worksheet is not required to be filed as part of the return. At trial, however, the parties offered into evidence the worksheet, and it shows that, even though petitioner concluded that no portion of his Social Security benefits was taxable, he made the computation for that portion of the worksheet (lines 10 through 18), and that computation reflected the taxable portion of his Social Security benefits to be $9,604 (the identical amount determined by respondent). Petitioner ignored that result because he considered such result to be inconsistent with the fact that he lived separate and apart from his spouse during that year, and, since line 9 of the form stated that, if he "lived apart from your spouse for all of 2002, enter -0- on line 20b", he followed that directive and entered zero taxable Social Security income on his return.

[4]The deficiency includes, additionally, the $26 in interest income determined in the notice of deficiency.

wife, and occasionally visited his wife, does not establish that petitioner and his spouse were "living apart". In McAdams v. Commissioner, supra at 378, the Court noted: "Petitioner also argues that he merely 'visited' his wife and did not live with her. In Costa v. Commissioner, * * * [T.C. Memo. 1990-572], we concluded that intermittent visits * * * [sufficed to establish that the spouses] did not live apart." The Court also cited section 1.85-1(b)(4), Income Tax Regs., relating to employment compensation, which states:

> A taxpayer does not "live apart" from his or her spouse at all times during a taxable year if for any period during the taxable year the taxpayer is a member of the same household as such taxpayer's spouse. A taxpayer is a member of a household for any period, including temporary absences due to special circumstances, during which the household is the taxpayer's place of abode. A temporary absence due to special circumstances includes a nonpermanent absence caused by illness, education, business, vacation, or military service.

The Court concludes that petitioner in this case did not live separate and apart from his wife during the year at issue. Therefore, $9,604 of the Social Security benefits paid to him that year constituted gross income. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.